UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                        )
                                              )
   ARVIL L. ABELL                  )    CASE NO.  17-32555(1)(13)
   REBECCA J. ABELL                )
                                              )
               Debtor(s)       )

## MEMORANDUM-OPINION

This matter is before the Court on the Objection to Claim of Auto Perks Car Sales ("Auto Perks") filed by Debtors Arvil and Rebecca Abell ("Debtors").  The Court considered the Debtors' Objection, the Reply to the Objection filed by Auto Perks, the comments of counsel for the parties at the hearing held on the matter, the Supplemental Reply of Auto Perks, the Affidavit of Victor Leachman filed in support of the Reply of Auto Perks and the Debtors' Response to the Response and Supplemental Reply of Auto Perks.  For the following reasons, the Court will sustain the Debtors' Objection to Auto Perks' Proof of Claim.

## FACTS

On August 9, 2017, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. On Schedule E/F: Creditors Who Have Unsecured Claims, Debtors listed "Auto Perks Car Sales" for a debt of $8,132.40 incurred on 3/2017 for a loan and listed the claim as "disputed."

On September 12, 2017, Debtors' Chapter 13 Plan was confirmed by the Court which proposed to pay unsecured creditors at a rate of 34%.

Also on September 12, 2017, Debtors filed their Schedule of Allowed Claims listing three unsecured claims that had been proven and would be paid in accordance with the Order of Confirmation. Auto Perks' claim was not on the Schedule of Allowed Claims.

On September 25, 2017, Auto Perks filed a Proof of Claim in the amount of $8,196. The Proof of Claim stated the debt represented the money loaned for the purchase of an automobile and that the claim was secured by a motor vehicle and the basis for perfection was "title lien statement Washington County Clerk."[1]

On December 13, 2017, Debtors filed their Objection to Claim of Auto Perks. The Objection asserted the lien of Auto Perks was not filed with the Washington County Clerk until August 21, 2017 and that since it was a post-petition filing, the action violated 11 U.S.C. § 362. Furthermore, since there was no lien shown on the automobile's Certificate of Title issued on July 31, 2017, Auto Perks' claim was not perfected and at most, Auto Perks has an unsecured claim.

On December 18, 2017, Auto Perks filed its Response to the Objection stating the date the lien was filed on the Certificate of Title to the vehicle is irrelevant because the Creditor's lien is a purchase money security interest that attached when the Debtors executed the Security Agreement and received the collateral, citing KRS 355.9-311(1).

On January 31, 2018, Auto Perks filed a Supplemental Reply along with a Supporting Affidavit of Victor Leachman. Mr. Leachman stated in the Affidavit that the lien was not stated on the first Certificate of Title issued on the vehicle on July 31, 2017 because the Washington County Clerk rejected Auto Perks' application to have the lien listed on the Certificate of Title on two

---

[1] The Proof of Claim also listed the claim as a priority debt but this claim was abandoned by the Creditor who acknowledged the listing was in error.

occasions without explanation. The Certificate of Title was issued without any reference to a lien of Auto Perks on June 29, 2017. Once Mr. Leachman received the Certification of Title that did not note Auto Perks' lien, he personally went to the Washington County Clerk's Office and paid the filing fee, which apparently had not been included with the two pervious applications. The Clerk then issued a new Certificate of Title showing Auto Perks' lien on the Certificate of Title on August 21, 2017, approximately two weeks after the filing of the Debtors' Petition.

## **LEGAL ANALYSIS**

It is beyond dispute that in Kentucky, perfection of a lien on a motor vehicle does not occur until a physical notation regarding the lien is made on the title pursuant to KRS 186A.190. *Palmer v. Vanderbilt Mortgage and Finance, Inc. (In re Walling)*, 2010 WL 5421148 (Bankr. E.D. Ky. 2010). A financing statement prior to the issuance of the title notifies the public that a lien is or will be claimed on a vehicle. Perfection of the security interest, however, is not accomplished when a fee or required paperwork are submitted to the county clerk. Perfection of a lien on a motor vehicle in Kentucky does not occur until the notation is made on the certificate of title in accordance with KRS 186A.190.

Furthermore, under Kentucky law, any deficiency in the process of perfection of the security interest in a vehicle is to be resolved against the creditor, who must "bear the responsibility if the proper filing is not accomplished." *PHH Mort. Services v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006). *See also*, *In re Walling*, 2010 WL 5421148 (Bankr. E.D. Ky. 2010) (where the lien was noted on the certificate of title, but not filed in the county of the debtor's residence, the lien was not properly perfected in accordance with the statute); *In re Godsey*, 2012 WL 86778 (Bankr. E.D. Ky. 2012) (where a creditor filed certificate of title on vehicle to note its lien but the Clerk referred to

the creditor by a number referencing the creditor rather than its actual name and address, the lien was not perfected because it was not in strict compliance with KRS 186A.190. Negligence on the part of the County Clerk does not excuse noncompliance).

The undisputed facts of this case establish that Auto Perks did not strictly comply with the requirements of KRS 186A.190 until August 21, 2017. This was two weeks after Debtors filed their Chapter 13 Petition. Accordingly, Auto Perks' Claim is an unsecured claim.

Auto Perks contends that the date the lien was noted on the Certificate of Title is irrelevant because its lien is a purchase money security interest that attached when the Debtors' executed the Security Agreement and received the collateral. Auto Perks relies on KRS 355.9-311(1). That statute states, in pertinent part:

> (1) Except as otherwise provided in subsection (4) of this section, the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to:
>
> . . . . .
>
> (b) KRS Chapter 186A;
>
> . . . . .

This statute simply states that the filing of the financing statement is not necessary to perfect a security interest in motor vehicles which were covered by KRS 186A. However, KRS Chapter 186A provides the method for perfection, which is by notation of the lien on the Certificate of Title.

Finally, Auto Perks claims that since the Debtors' Chapter 13 Plan was confirmed on September 12, 2017, and on that date the property of the estate was vested in the Debtors under 11 U.S.C. § 1327, the Debtor is precluded from attacking the Creditor's Proof of Claim under the

doctrine of collateral estoppel. Auto Perks claims the Order of Confirmation should be amended to include Auto Perks as a secured creditor.

The Order of Confirmation, however, proposed to pay unsecured creditors at a rate of 34%. On the same date that the Order of Confirmation was sent out, the Debtors filed their Schedule of Allowed Claims which did not include Auto Perks' claim. The Court cannot now amend the Order of Confirmation to include Auto Perks as a secured claim. Auto Perks, as a matter of law, does not have a secured claim against the Debtor. It never had a secured claim against the Debtor. Therefore, the Court cannot amend the Order of Confirmation to treat its claim as secured, but the Court is unaware of any reason why the claim cannot be treated as unsecured.

## **CONCLUSION**

For all of the above reasons, the Court must **SUSTAIN** the Objection to the Claim of Auto Perks filed by Debtors Arvil and Rebecca Abell.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 12, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
ARVIL L. ABELL                              )    CASE NO.  17-32555(1)(13)
REBECCA J. ABELL                            )
                                            )
                    Debtor(s)               )

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, the Objection to Claim of Auto Perks Car Sales filed by Debtors Arvil and Rebecca Abell, be and hereby is, **SUSTAINED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 12, 2018